USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -x
                                 :
UNITED STATES OF AMERICA         :
                                 :     ORDER
        - v. -                   :
                                 :     19 Cr. 169 (VM)
EDWARD TORRES,                   :
                                 :
              Defendant.         :
                                 :
- - - - - - - - - - - - - - - - -x

WHEREAS, with the consent of the defendant, EDWARD TORRES, his guilty plea allocution was taken before a United States Magistrate Judge on December 9, 2019; and

WHEREAS, a transcript of the allocution was made and thereafter was transmitted to the District Court; and

WHEREAS, upon review of that transcript, this Court has determined that the defendant entered the guilty plea knowingly and voluntarily and that there was a factual basis for the guilty plea;

IT IS HEREBY ORDERED that the defendant's guilty plea is accepted.

SO ORDERED:

Dated:    New York, New York
          12 December 2019

                              THE HONORABLE VICTOR MARRERO
                              UNITED STATES DISTRICT JUDGE
                              SOUTHERN DISTRICT OF NEW YORK



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

ORIGINAL

December 2, 2019

**BY EMAIL**
Antonia Marie Apps, Esq.
Adam Fee, Esq.
Milbank LLP
55 Hudson Yards
New York, NY 10001

Re: *United States v. Edward Torres*, 19 Cr. 169 (VM)

Dear Ms. Apps and Mr. Fee:

On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Edward Torres ("the defendant") to Count One of the above-referenced Indictment (the "Indictment"). Count One charges the defendant with conspiracy to distribute and possess with intent to distribute mixtures and substances containing a detectable amount of fentanyl, mixtures and substances containing a detectable amount of heroin, and mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 846. This charge carries a maximum term of imprisonment of 20 years; a maximum term of supervised release of life; a mandatory minimum term of supervised release of three years; a maximum fine, pursuant to Title 18, United States Code, Section 3571 and Title 21, United States Code, Section 841(b)(1)(C), of the greatest of $1,000,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a $100 mandatory special assessment.

In consideration of the defendant's plea to the above offense, the defendant will not be further prosecuted criminally by this Office (except for criminal tax violations, if any, as to which this Office cannot, and does not, make any agreement) for conspiring to distribute and possess with intent to distribute fentanyl, heroin, and cocaine from in or about January 2018 through in or about January 2019, as charged in Count One of the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 *et seq*. In addition, at the time of sentencing, the Government will move to dismiss any open Count(s) against the defendant. The defendant agrees that with respect to any and all dismissed charges he is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2019.07.08

The defendant hereby admits the forfeiture allegation with respect to Count One of the Information and agrees to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

A. Offense Level

In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

A. Offense Level

1. The applicable Guidelines manual is the November 1, 2018 edition.

2. The Guideline applicable to Count One is U.S.S.G. § 2D1.1. Pursuant to U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(9), the base offense level is 22 because the offense involved at least 80 grams of heroin but less than 100 grams of heroin.

3. Pursuant to U.S.S.G. § 3B1.1(c), a two-level increase is warranted because the defendant was an organizer, leader, manager, or supervisor of the criminal activity.

4. Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, the Government will move at sentencing for an additional one-level reduction, pursuant to U.S.S.G. § 3E1.1(b), because the defendant gave timely notice of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 21.

B. Criminal History Category

Based upon the information now available to this Office (including representations by the defense), the defendant has three criminal history points, calculated as follows:

1. The defendant was convicted on or about July 20, 1991, in Bronx County Supreme Court, of first-degree manslaughter, a felony, in violation of New York Penal Law Section 125.50(1), and sentenced to 100 months' to 25 years' imprisonment. Pursuant

to U.S.S.G. §§ 4A1.1(a) and 4A1.2(e)(1), this sentence results in three criminal history points.

2. The defendant was convicted on or about July 20, 1991, in Bronx County Supreme Court, of second-degree criminal possession of a weapon, a felony, in violation of New York Penal Law Section 265.03, and sentenced to 1 to 3 years' imprisonment. Pursuant to U.S.S.G. § 4A1.2(a)(2), this sentence results in zero criminal history points.

3. The defendant was convicted on or about July 20, 1991, in Bronx County Supreme Court, of third-degree criminal possession of a loaded firearm, a felony, in violation of New York Penal Law Section 265.02, and sentenced to 1 to 3 years' imprisonment. Pursuant to U.S.S.G. § 4A1.2(a)(2), this sentence results in zero criminal history points.

Accordingly, the defendant's Criminal History Category is II.

C. Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 41 to 51 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. At Guidelines level 21, the applicable fine range is $15,000 to $1,000,000.

The parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein. Nor will either party in any way suggest that the Probation Office or the Court consider such a departure or adjustment under the Guidelines.

The parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a).

Except as provided in any written Proffer Agreement(s) that may have been entered into between this Office and the defendant, nothing in this Agreement limits the right of the parties (i) to present to the Probation Office or the Court any facts relevant to sentencing; (ii) to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) the defendant should be sentenced and regarding the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a); (iii) to seek an appropriately adjusted Guidelines range if it is determined based upon new information that the defendant's criminal history category is different from that set forth above; and (iv) to seek an appropriately adjusted Guidelines range or mandatory minimum term of imprisonment if it is subsequently determined that the defendant qualifies as a career offender under U.S.S.G. § 4B1.1. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence.

Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence outside of the stipulated Guidelines range, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines are not binding on the Court. The defendant acknowledges that his entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw his plea of guilty should the sentence imposed by the Court be outside the Guidelines range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241, of any sentence within or below the Stipulated Guidelines Range of 41 to 51 months' imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $1,000,000, and the Government agrees not to appeal any fine that is greater than or equal to $15,000. Notwithstanding the foregoing, nothing in this paragraph shall be construed to bar or waive or otherwise in rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise. Rather, it is expressly agreed that the defendant reserves those rights.

The defendant hereby acknowledges that he has accepted this Agreement and decided to plead guilty because he is in fact guilty. By entering this plea of guilty, the defendant waives any and all right to withdraw his plea or to attack his conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, *Jencks* Act

material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, or impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

The defendant recognizes that, if he is not a citizen of the United States, his guilty plea and conviction make it very likely that his removal from the United States is presumptively mandatory and that, at a minimum, he is at risk of being removed or suffering other adverse immigration consequences. If the defendant is a naturalized citizen of the United States, he recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. For example, under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation, or otherwise illegally procured. The defendant acknowledges that he has discussed the possible immigration consequences (including removal or denaturalization) of his guilty plea and conviction with defense counsel. The defendant affirms that he wants to plead guilty regardless of any immigration or denaturalization consequences that may result from the guilty plea and conviction, even if those consequences include denaturalization and/or removal from the United States. The defendant understands that denaturalization and other immigration consequences are typically the subject of a separate proceeding, and the defendant understands that no one, including his attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration or naturalization status. It is agreed that the defendant will have no right to withdraw his guilty plea based on any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from the guilty plea and conviction. It is further agreed that the defendant will not challenge his conviction or sentence on direct appeal, or through litigation under Title 28, United States Code, Section 2255 and/or Section 2241, on the basis of any actual or perceived adverse immigration consequences (including removal or denaturalization) resulting from his guilty plea and conviction.

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this agreement does not bind any federal, state, or local prosecuting authority other than this Office.

Apart from any written Proffer Agreement(s) that may have been entered into between this Office and defendant, this Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

By:     _____

Justin V. Rodriguez / Sheb Swett
Assistant United States Attorney
(212) 637-2591 / 6522

APPROVED:

_____

George D. Turner / Jason M. Swergold
Chiefs, Narcotics Unit

AGREED AND CONSENTED TO:

_____
Edward Torres

$\underline{DEC\ 9, 2019}$
DATE

APPROVED:

_____
Antonia Marie Apps, Esq.
Adam Fee, Esq.
Attorneys for Edward Torres

$\underline{Dec\ 9., 2019}$
DATE

JC8HTorP

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              19 Cr. 169 (VM)(SLC)

5    EDWARD TORRES,

6                                              Plea
                    Defendant.
7
     ------------------------------x
8
                                              New York, N.Y.
9                                             December 9, 2019
                                              10:10 a.m.
10

11   Before:

12                   HON. SARAH L. CAVE,

13
                                              Magistrate Judge
14

15                          APPEARANCES

16   GEOFFREY S. BERMAN
          United States Attorney for the
17        Southern District of New York
     SEBASTIAN SWETT
18        Assistant United States Attorney

19   MILBANK, TWEED, HADLEY & McCLOY LLP
          Attorneys for Defendant
20   BY:  ANTONIA MARIE APPS
          DANIEL CURTIS HOOKS
21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

JC8HIorP

1          (Case Called)

2          THE DEPUTY CLERK:  Counsel, please state your

3    appearance for the record.

4          MR. SWETT:  Good morning, your Honor.  Sheb Swett, for

5    the United States.

6          THE COURT:  Good morning, Mr. Swett.

7          MR. HOOKS:  Dan Hooks and Antonia Apps, for Edward

8    Torres.

9          THE COURT:  Good morning, Mr. Torres.

10          THE DEFENDANT:  Good morning.

11          THE COURT:  I'm Magistrate Judge Cave.  The purpose of

12    this proceeding is to make sure that you understand your

13    rights, to decide whether you're pleading guilty of your own

14    free will, and to make sure you're pleading guilty because you

15    are guilty and not for some other reason.

16          I have before me a consent to proceed before a

17    magistrate judge on a felony plea allocution that you've

18    signed, sir.  What this form says is that knowing you have the

19    right to have your plea taken by a United States district

20    judge, you're agreeing to have the plea taken by a United

21    States magistrate judge.  You will still be entitled to all the

22    same rights and protections as you were before a district

23    judge.  Among other things, if you're found guilty, you will be

24    sentenced by a district judge.

25          Do you understand that, sir?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

3

JC8HTorP

1        THE DEFENDANT: Yes, ma'am.

2        THE COURT: I will accept your consent.

3        THE DEFENDANT: Thank you.

4        THE COURT: Will the clerk please swear in the

5    defendant.

6        (Defendant sworn)

7        THE DEFENDANT: My name is Edward Torres.

8        THE COURT: Thank you.

9        Mr. Torres, do you understand that any statements you

10    make here may be used against you in a prosecution for perjury,

11    or for making false statements?

12        THE DEFENDANT: Yes, ma'am.

13        THE COURT: If at any time you don't understand any of

14    my questions or if you want to consult with your attorneys,

15    just say so, because it's very important that you understand

16    every question before you answer. OK?

17        THE DEFENDANT: OK.

18        THE COURT: Can you please tell me your full name.

19        THE DEFENDANT: My name is Edward Torres.

20        THE COURT: What is your age, sir?

21        THE DEFENDANT: 48 years old.

22        THE COURT: Are you a citizen of the United States?

23        THE DEFENDANT: Yes, ma'am.

24        THE COURT: Are you able to read and write in English?

25        THE DEFENDANT: Yes.

JC8HTaxP

1             THE COURT:  What is the extent of your formal

2   education?

3             THE DEFENDANT:  GED.

4             THE COURT:  Are you now or have you recently been

5   under the continuing care of a doctor or psychiatrist for any

6   reason?

7             THE DEFENDANT:  Yes.

8             THE COURT:  Does the condition for which you're being

9   treated have any impact on your ability to see, hear, think,

10  reason or understand or make decisions?

11            THE DEFENDANT:  No, ma'am.

12            THE COURT:  Have you been hospitalized in the past for

13  mental illness?

14            THE DEFENDANT:  No.

15            THE COURT:  Have you been hospitalized for alcoholism?.

16            THE DEFENDANT:  No.

17            THE COURT:  Narcotics addiction?

18            THE DEFENDANT:  Yes.

19            THE COURT:  When was that, sir?

20            THE DEFENDANT:  When we got arrested -- when I got

21  arrested, they put me into a drug program for heroin.

22            THE COURT:   How long ago was that.

23            THE DEFENDANT:  Like, January 8, when we got arrested.

24  January -- sometime in January.

25            THE COURT:  How long was that treatment?

JC8HTorP

| | |
|---|---|
| 1 | THE DEFENDANT: I was in the hospital for, like, |
| 2 | almost 17 days. |
| 3 | THE COURT: As you sit here today, are you under the |
| 4 | influence of any mind-altering drug or alcoholic drink? |
| 5 | THE DEFENDANT: No, ma'am. |
| 6 | THE COURT: Have you been able to understand |
| 7 | everything I've said so far? |
| 8 | THE DEFENDANT: Yes. |
| 9 | THE COURT: Have you seen a copy of the indictment in |
| 10 | this case? |
| 11 | THE DEFENDANT: Yes, ma'am. |
| 12 | THE COURT: Have you read it yourself, sir? |
| 13 | THE DEFENDANT: Yes. |
| 14 | THE COURT: Do you understand what it says you did? |
| 15 | THE DEFENDANT: Yes. |
| 16 | THE COURT: Have you had a chance to discuss the |
| 17 | charge and how you wish to plead with your attorneys? |
| 18 | THE DEFENDANT: Yes. |
| 19 | THE COURT: Are you satisfied with your attorney's |
| 20 | representation of you? |
| 21 | THE DEFENDANT: Yes, ma'am. |
| 22 | THE COURT: Have you had a full opportunity to discuss |
| 23 | this case with them? |
| 24 | THE DEFENDANT: Yes. |
| 25 | THE COURT: Are you ready to enter a plea today? |

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JC8HTorP

1        THE DEFENDANT: Yes, ma'am.

2        THE COURT: Count One of the indictment charges that

3    you, Edward Torres, between January 2018 and January 2019, in

4    the Southern District of New York and elsewhere, intentionally

5    and knowingly combined, conspired, and agreed with others to

6    violate the narcotics laws of the United States, in violation

7    of 21 U.S.C. Sections 841(a)(1) and 846. The government

8    charges that the object of this conspiracy was to distribute

9    and possess with the intent to distribute mixtures and

10   substances containing a detectable amount of heroin, fentanyl,

11   and cocaine.

12       Do you understand this charge?

13       THE DEFENDANT: Yes, ma'am.

14       THE COURT: How do you wish to plead?

15       THE DEFENDANT: I wish to plead guilty.

16       THE COURT: With respect to the count charging you

17   with narcotics conspiracy, I want you to understand that the

18   maximum penalty is a prison term of 20 years, a term of

19   supervised release of life, and a fine of as much as a million

20   dollars or twice what was gained because of the criminal

21   activity or twice what someone other than yourself lost because

22   of the criminal activity, and a mandatory special assessment of

23   $100. With respect to this count, there's a mandatory minimum

24   term of supervised release of life. In addition, the Court

25   could order you to pay restitution to any victims.

JC8HTorP

1          Do you understand these maximum penalties as I've

2   described them to you?

3          THE DEFENDANT: Yes, ma'am.

4          MR. SWETT: Your Honor, I would just note, I think the

5   mandatory minimum is three years for supervised release.

6          THE COURT: Thank you for correcting me.

7          Do you understand that if you plead guilty, you may be

8   required to give up, or forfeit, to the government any money or

9   property you received from the offense that was used to commit

10  the offense?

11         THE DEFENDANT: Yes, ma'am.

12         THE COURT: Do you also understand that if, as part of

13  your sentence, you were placed on a term of supervised release

14  and you then violated any of the conditions of that release,

15  you could face an additional term of imprisonment?

16         THE DEFENDANT: Yes, ma'am.

17         THE COURT: You told me earlier that you're a citizen

18  of the United States, but by law I must still tell you that if,

19  in fact, you are not a United States citizen, a guilty plea

20  means you may be removed from the United States and denied

21  admission to the United States or citizenship in the future.

22         Do you understand and that clear?

23         THE DEFENDANT: Yes, ma'am.

24         THE COURT: Do you understand that you have a right to

25  plead not guilty to this charge and a right to a jury trial if

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JC8HTorP

1 || you wish?

2 ||         THE DEFENDANT:  Yes, ma'am.

3 ||         THE COURT:  Do you understand that if you pled not

4 || guilty and went to trial, you would be presumed innocent, and

5 || the burden would be on the government to prove your guilt

6 || beyond a reasonable doubt?

7 ||         THE DEFENDANT:  Yes, ma'am.

8 ||         THE COURT:  Sir, I want you to understand that there

9 || are a number of other rights that you would have if you pled

10 || not guilty and went to trial.  If you went to trial, you would

11 || be entitled to be represented by an attorney at all stages of

12 || the case, and if you could not hire an attorney, the court

13 || would provide one to you for free.  At trial you would be

14 || entitled to confront and cross-examine any witnesses called by

15 || the government to testify against you.  You would be entitled

16 || to testify in your own behalf.  You could call witnesses and

17 || present evidence, and the Court would compel the attendance of

18 || witnesses you wished to call at trial.  Also at trial you would

19 || not be required to testify against yourself.

20 ||         Do you understand all these rights as I've described

21 || them to you?

22 ||         THE DEFENDANT:  Yes, ma'am.

23 ||         THE COURT:  Do you understand that you give up all

24 || these rights if you plead guilty?

25 ||         THE DEFENDANT:  Yes.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JC8HIorP

1          THE COURT: Do you understand that if you enter a
2     guilty plea, you will not be able to withdraw this plea, there
3     will be no trial, and the only remaining step in this case will
4     be sentencing?
5          THE DEFENDANT: Yes, ma'am.
6          THE COURT: Do you understand that even if you're
7     surprised or disappointed by your sentence, you will still be
8     bound by your guilty plea?
9          THE DEFENDANT: Yes, ma'am.
10         THE COURT: I have before me a letter dated
11    December 2, 2019, from the U.S. Attorney to your attorney
12    containing a plea agreement. Have you read that letter?
13         THE DEFENDANT: Yes, ma'am.
14         THE COURT: Turning to the last page, is that your
15    signature there, sir?
16         THE DEFENDANT: I got to sign it.
17         MR. SWETT: I think our copy is signed.
18         MS. APPS: We gave two signed copies to the AUSA.
19         THE COURT: OK. I have one signed copy here. You
20    signed it this morning, sir?
21         THE DEFENDANT: Yes.
           THE COURT: Thank you.
23         Before you signed it, did you discuss it with your
24    attorney?
25         THE DEFENDANT: Yes.

JC8HTorP

1           THE COURT:  Did they explain to you all of the terms

2   and conditions?

3           THE DEFENDANT:  Yes, ma'am.

4           THE COURT:  Apart from what's contained in the letter,

5   have any promises been made to you in order to get you to plead

6   guilty?

7           THE DEFENDANT:  No, ma'am.

8           THE COURT:  In reviewing the plea agreement, I note

9   that it contains an analysis of how part of our law of

10  sentencing known as the sentencing guidelines may impact the

11  prison term in your case.  Based on that analysis, the

12  agreement states the conclusion that the guideline sentencing

13  range can be expected to be from 41 to 51 months.

14           Do you understand that?

15           THE DEFENDANT:  Yes, ma'am.

16           THE COURT:  Do you understand that the sentencing

17  judge is not bound by the calculation in the letter and that he

18  will free to do his own calculation which may result in a

19  guideline range that's different from the one in the letter?

20  Do you understand that?

21           THE DEFENDANT:  Yes, ma'am.

22           THE COURT:  And you understand that, no matter what

23  sentencing range the sentencing judge believes is called for by

24  the guidelines, that range is just one of the many factors that

25  the judge will consider in determining your sentence and that

JC8HTorP

1   the judge has discretion to give you a prison sentence below or

2   above that range, anywhere up to the maximum sentence of

3   imprisonment of 20 years that I told you about earlier?  Do you

4   understand that?

5               THE DEFENDANT:  Yes, ma'am.

6               THE COURT:  Do you also understand that under the

7   terms of this plea agreement, if the judge sentences you to a

8   prison term that is 51 months or less, you're giving up your

9   right to appeal that sentence or to challenge it in any other

10  way, such as through a writ of habeas corpus?

11              THE DEFENDANT:  Yes, ma'am.

12              THE COURT:  Also, do you understand that the plea

13  agreement says you cannot appeal any fine of a million dollars

14  or less and that you cannot appeal any lawful sentence of

15  supervised release?

16              THE DEFENDANT:  Yes, ma'am.

17              THE COURT:  Knowing all of this, do you still wish to

18  plead guilty to Count One of the indictment?

19              THE DEFENDANT:  Yes, ma'am.

20              THE COURT:  Has any force or threats been used, either

21  direct or indirect, to influence how you plead today?

22              THE DEFENDANT:  No, ma'am.

23              THE COURT:  Is your plea voluntary, made of your own

24  free will?

25              THE DEFENDANT:  Yes, ma'am.

JC8HTorP

1  THE COURT: Did you, in fact, commit the offense

2  that's charged in Count One of the indictment?

3  THE DEFENDANT: Yes. Yes, ma'am.

4  THE COURT: Before I ask you to tell me what you did,

5  Mr. Torres, I'll ask the government to summarize the elements

6  of the offense and, if they wish, to tell me any evidence that

7  they would have offered at trial.

8  MR. SWETT: Your Honor, the elements of this count

9  are, first, that two or more people agreed to violate the

10  federal narcotics laws; and, second, that the defendant

11  knowingly and willingly became a member of that agreement or

12  conspiracy, knowing the object of the conspiracy. And here,

13  the object was to distribute and possess with an intent to

14  distribute mixtures and substances containing a detectable

15  amount of heroin, fentanyl, cocaine. Additionally, the

16  government would have to prove venue in the Southern District

17  of New York by a preponderance of the evidence.

18  Very briefly, if the case went to trial, the

19  government through undercover police testimony, through video

20  recordings, and through cooperator testimony, as well as lab

21  reports and the physical seizure of drugs would prove that the

22  defendant participated in the conspiracy.

23  THE COURT: Thank you, Mr. Swett.

24  Mr. Torres, please tell me in your own words what you

25  did that makes you guilty of the charge against you.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

i.j

JC8HTorP

1        THE DEFENDANT:  I participated in selling heroin in

2    the Bronx, 147 in the Bronx.

3        THE COURT:  147th Street?

4        THE DEFENDANT:  Yes, in the Bronx.

5        THE COURT:  And you did that with other people?

6        THE DEFENDANT:  Yes.

7        THE COURT:  What drugs were involved?

8        THE DEFENDANT:  Heroin.

9        THE COURT:  Heroin.

10       Was fentanyl also involved?

11       THE DEFENDANT:  I don't -- I didn't know it had --

12   like, I didn't know it had fentanyl.

13       MR. SWETT:  Your Honor, I'll proffer that the lab

14   results showed that some of the heroin samples had fentanyl and

15   cocaine.  I believe knowing one of the objects, that is the

16   heroin, is sufficient.

17       THE COURT:  Thank you.

18       Mr. Torres, you also understand that the time period

19   at issue here is from January 2018 through January 2019,

20   correct?

21       THE DEFENDANT:  Yes, ma'am.

22       THE COURT:  Are there any further questions that

23   either side wishes me to ask of Mr. Torres?

24       MR. SWETT:  Your Honor, I would just request that the

25   Court ask him if he knew what he did was in violation of the

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JC8HTorP

| ㄱ

1   law.

2          THE COURT:  Mr. Torres, did you understand that what
3   you did violated the law?

4          . THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  On the basis of the defendant's response
6   to my questions and my observations of his demeanor, I find
7   that he's fully competent to enter an informed plea at this
8   time.  I also conclude that he understands the nature of the
9   charge and the consequences of his plea.  Finally, I'm
10  satisfied that his plea is voluntary and that there's a factual
11  basis for it.  Accordingly, I recommend that the proffered plea
12  to Count One of the indictment be accepted.  A presentence
13  investigation report is ordered.

14         Has the district judge is set a sentencing date?

15         MR. SWETT:  No, your Honor.  We would request a
16  control date three months out.

17         THE COURT:  Three months out would take us to -- hold
18  on one second -- March 9, 2020.  So we'll set the sentencing
19  date for March 9, 2020.

20         Mr. Swett, the prosecution case summary for purposes
21  of the presentence report is to be delivered to the probation

22  depar tment de fi se  than a  maya from today.  Understood?

23         MR. SWETT:  Yes, your Honor.

24         THE COURT:  Thank you.

25         Ms. Apps and Mr. Fee, if you would make yourselves

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

JC8HTorP

1   available to be interviewed by probation, by the probation

2   department, no later than 14 days from today as well.

3              MS. APPS:  Yes, your Honor.

4              THE COURT:  OK.  Thank you.

5              Anything further on this matter from either side?

6              MR. SWETT:  No.  Thank you, your Honor.

7              THE COURT:  Thank you.

8              Thank you, Mr. Torres.

9              THE DEFENDANT:  Thank you, ma'am.

10             THE COURT:  We're adjourned.

11             (Adjourned)

12

13

14

15

16

17

18

19

20

21

22

23

24

25



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 11, 2019

**BY FAX**
The Honorable Victor Marrero
United States District Court Judge
500 Pearl Street
New York, New York 10007

### Re: *United States v. Edward Torres*, 19 Cr. 169 (VM)

Dear Judge Marrero:  .

Please find enclosed a proposed order accepting the plea of the defendant in the above-captioned matter. The Government requests that the Court set a sentencing date.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Sheb Swett
Assistant United States Attorney
(212) 637-6522

cc:    Antonia Apps, Esq. (by email)